UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KWAMANE COLEMAN,

    Petitioner,

Case No. 8:15-CV-2460-T-15TGW
            8:12-CR-492-T-15TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Brief in Support (Cv-D-1; Cr-D-67; Cv-D-2). Because it plainly appears from the motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Court will not require the United States Attorney to file a response but shall proceed to address the matter. See Rule Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b).

By way of background, in November 2012, Petitioner was charged with possession of a firearm by a convicted felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Petitioner pled guilty without a plea agreement.

The Presentence Investigation Report determined that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e). Specifically, Petitioner had prior Florida convictions for sale of cocaine (three convictions), battery on a

law enforcement officer, and resisting arrest with violence. (PSI ¶ 23.) As a result of the armed career criminal enhancement, his offense level was enhanced from a level 30 to a level 33. With acceptance of responsibility, his total offense level became 30. (Cr-D-55, p. 16.) His criminal history was enhanced to a category VI. (PSI ¶ 51.) Petitioner's adjusted guideline sentencing range was 135 to 168 months. However, Petitioner faced a minimum mandatory sentence of imprisonment of 15 years as to Count One of the Indictment pursuant to 18 U.S.C. § 924(e). (PSI ¶ 94.)

Defense counsel argued that Defendant's classification as an armed career offender violated the Eighth Amendment because the qualifying offenses were committed when Defendant was a juvenile.[1] The Court overruled the objection and sentenced Petitioner to a term of 15 years. Petitioner appealed claiming this Court's use of his juvenile adjudications as qualifying convictions under the ACCA violated his right to be free from cruel and unusual punishment. The Eleventh Circuit, in affirming the sentence, found that this Court was required to impose the mandatory minimum 15-year sentence under the ACCA and the sentence was not unconstitutional. United States v. Coleman, 563 Fed. Appx. 740 (11th Cir. 2014). The United States Supreme Court denied Petitioner a writ of certiorari on

---

[1] While defense counsel originally lodged an objection to the use of resisting arrest with violence as a qualifying conviction, he withdrew that objection at sentencing based upon controlling caselaw. (Cr-D-55, p. 5.)

2

October 6, 2014.  <u>Coleman v. United States</u>, 135 S.Ct. 257 (2014).

Petitioner timely filed his § 2255 motion claiming ineffective assistance of counsel in failing to object that his three prior drug offenses do not qualify as "serious drug offenses" under the ACCA. Petitioner claims that his prior drug convictions are not qualifying convictions of "serious drug offense[s]" under the 18 U.S.C. § 924(e) because the Florida statute is overbroad and indivisible.[2] In support of his contention, Petitioner relies on <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013).

In <u>Descamps</u>, the Supreme Court addressed whether a prior conviction under the California burglary statute qualified as a "violent felony" under the residual clause of the Armed Career Criminal Act. The Supreme Court clarified that the modified categorical approach could not be applied to indivisible statutes that criminalize a broader range of conduct than the ACCA. <u>Descamps</u>, 133 S.Ct. at 2293.

Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In order to succeed under the <u>Strickland</u> test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom. <u>Id.</u> at 687.

---

[2] Petitioner does not make any claim as to his other qualifying convictions.

3

The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690. Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment. Id.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315.

The Supreme Court has consistently held that "as a matter of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry." Nix v. Whiteside, 475 U.S. 157, 175 (1986). This admonition

emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987). See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

With regard to the second prong, the petitioner must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694-95. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 694. A petitioner must show a "substantial, not just conceivable, likelihood of a different result." Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (citation omitted).

Petitioner fails to meet this standard. While Petitioner's counsel did not challenge the prior drug convictions as a basis of his armed career offender designation, Circuit Court precedent foreclosed such an argument. It is the well settled law of the Eleventh Circuit that a drug offense in violation of Florida statute section 893.13(1)(a) constituted a "serious drug offense" for purposes of the ACCA. United States v. Smith, 775 F.3d 1262,

5

1267-68 (11th Cir. 2014) (Florida Statue section 893.13(1) is a "serious drug offense" for purposes of the ACCA), cert. denied, 135 S.Ct. 2827 (2015); United States v. Murray, No. 14-13452, --- Fed. Appx. ----, 2015 WL 5165998, at *3 (11th Cir. Sept. 4, 2015) (per curiam) (possession of cocaine with intent to sell qualifies as a "serious drug offense" under § 924(e)(2)(A)); United States v. Pitts, 394 Fed. Appx. 680, 683-84 (11th Cir. 2010) (per curiam) (sale or delivery of cocaine in violation of Florida law constitutes "serious drug offense" for ACCA purposes); United States v. Adams, 372 Fed. Appx. 946, 950-51 (11th Cir. 2010) (per curiam) (violation of Fla. Stat. § 893(1)(a) making it unlawful to possess with the intent to sell, manufacture, or deliver a controlled substance is a "serious drug offense"); United States v. Hodges, 186 Fed. Appx. 959, 962 (11th Cir. 2006) (per curiam) (possession of cocaine with intent to sell qualifies as a "serious drug offense"). Given the existing law, counsel was not constitutionally ineffective in failing to challenge the prior drug convictions on appeal.

Furthermore, Petitioner cannot show prejudice. Petitioner was correctly sentenced as a armed career criminal and, as such, there was no basis to object or appeal. First, Descamps does not apply retroactively on collateral review. Abney v. Warden, No. 15-1088, --- Fed. Appx. ----, 2015 WL 4546193, at *4 (11th Cir. July 29, 2015) (per curiam). Furthermore, it is not applicable to the facts

of this case.

As explained above, Descamps considered whether the modified categorical approach could be used in determining whether a prior violent felony conviction was a predicate offense under the ACCA. Section 924(e)(1) provides that a for a minimum mandatory sentence of 15 years for any person who violates § 922(g) and has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). A "serious drug offense" is either a federal drug offense punishable by a maximum term of 10 years' imprisonment or longer, or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," also punishable by a maximum term of 10 years' imprisonment or longer. 18 U.S.C. § 924(e)(2)(A). Cocaine is listed as a "controlled substance." 21 U.S.C. §§ 802(6) and 812(c). A defendant who is subject to an enhanced sentence under § 924(e) is an "armed career criminal." U.S.S.G. § 4B1.4(a). Notably, Descamps did not change the definition of a "serious drug offense" under the ACCA. United States v. Johnson, 570 Fed. Appx. 852, 857 (11th Cir. 2014) (per curiam), cert. denied, 135 S.Ct. 999 (2015).

In United States v. Samuel, 580 Fed. Appx. 836, 842-43 (11th Cir. 2014) (per curiam), cert. denied, 135 S.Ct. 1168 (2015), the Eleventh Circuit applied the categorical approach and determined that a cocaine conviction under § 893.13(1)(a) qualifies as a

7

"serious drug offense" for purposes of § 924(e)(2)(A)(ii). The court explained, "[t]he question of whether § 893.13 qualifies as a 'generic' offense is inapplicable, because § 924(e)(2)(A)(ii) is self-defining without reference to any 'generic' or otherwise enumerated offenses. <u>Samuel</u>, 580 Fed. Appx. at 843 (citing 18 U.S.C. § 924(e)(2)(A)(ii)).

Here, Petitioner had three convictions for sale of cocaine in violation of Fla. Stat. § 893.13(1)(a). (PSI ¶ 23, 43, 44, and 46.) Under Florida law, sale of cocaine is a second degree felony punishable by a maximum of 15 years imprisonment. Fla. Stat. §§ 893.13(1)(a)(1) and 775.082(3)(c). Thus, his convictions qualified as ACCA predicate offenses. <u>Samuel</u>, 580 Fed. Appx. at 842-43. Petitioner is therefore not entitled to § 2255 relief.

It is therefore ORDERED that:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Cv-D-1; Cr-D-67) is DENIED.

2) The Clerk is directed to enter judgment in favor of the Government and to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 4th day of November, 2015.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE